Bruce Wilson COSTNER, Appellant,

v.

UNITED STATES of America, Appellee.

No. 13311.

United States Court of Appeals
Sixth Circuit.

March 3, 1958.

William E. Badgett, Knoxville, Tenn., for appellant.

John F. Dugger, Knoxville, Tenn., John C. Crawford, Jr., U. S. Atty., James M. Meek, Asst. U. S. Atty., Knoxville, Tenn., on brief, for appellee.

Before SIMONS, Chief Judge, and ALLEN and McALLISTER, Circuit Judges.

### PER CURIAM.

Bruce Wilson Costner appeals from his conviction by a jury on a charge of violating the Internal Revenue laws with respect to the concealment and possession of whiskey on which the tax was not paid. On a charge of impeding and obstructing an officer in carrying out his duties in the administration of the Internal Revenue laws, the jury found appellant not guilty.

Appellant contends that the search of his garage was unreasonable, and that it was conducted merely as an incident of an illegal arrest.

The officers had a search warrant specifying the place to be searched. They first knocked on the door of appellant's house about midnight and when he opened the door they told him that they were there to search his garage by virtue of the warrant, and asked him for the key to the garage. He told them to wait and went to put on some clothes. The officers walked into the house through the open door and when appellant went into his bedroom where his wife was in her night clothes, the officers followed him. One of the officers testified that appellant had a reputation of being a violent man, and they thought they should keep an eye on him.

Appellant then went into the sitting room and the officers followed him. He could not find the clothes he wanted and then returned to the bedroom, where he told the officers that he would not give them the key to the garage. He then made threats against them as to what might happen if they broke the lock of the garage. One of the officers testified that he started walking toward appellant and told him he had better come with them, as they considered what appellant said to be a threat of bodily harm to them. Appellant testified that one of the officers lunged at him and that in order to defend himself, he grabbed a heavy flashlight. The officers stated that they did not touch appellant until he raised the flashlight as though he was going to strike them. The talk between the officers and appellant, and appellant's threats, as well as the conduct of all of them, resulted in a tussle in which the officers threw appellant on the bed and handcuffed him.

On cross-examination, one of the officers testified that in asking appellant to come with them, his intention was to get appellant outside the house and keep a watch on him because of his threats. This officer also stated, on cross-examination, that he supposed he had intended to arrest appellant when he asked him to come with them.

The warrant was for the search of the garage. The house was not searched, and nothing that the officers did in the house helped in the search of the garage,

where they found a large quantity of whiskey without the required revenue stamps attached to the containers. There is no question that appellant was guilty of the offense on which he was convicted.

The fact that the officers and appellant engaged in a struggle in the house growing out of the threats made by appellant and the conduct of both appellant and the officers, does not make the search of the garage an unreasonable search; nor was such search, made by virtue of the warrant, merely an incident of an unlawful arrest.

On a review of the record, the judgment is affirmed.